IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MEDICAL & CHIROPRACTIC CLINIC, INC., a Florida corporation, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLCARE HEALTH PLANS, INC., WELLCARE HEALTH INSURANCE OF ARIZONA, INC., WCG HEALTH MANAGEMENT and JOHN DOES 1-10,<br><br>　　　　　　　　　Defendants. | Civil Action No.:<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

Plaintiff, MEDICAL & CHIROPRACTIC CLINIC, INC. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, WELLCARE HEALTH PLANS, INC., WELLCARE HEALTH INSURANCE OF ARIZONA, INC., WCG HEALTH MANAGEMENT, INC. and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of sending facsimile advertisements without the proper opt-out notice as required by 47 C.F.R. 64.1200.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the proper opt-out notice, even for faxes sent by consent or pursuant to an established business relationship.

1

The TCPA provides a private right of action and provides statutory damages of $500 per violation for a violation of the statue or the regulations promulgated by the FCC.

3. Plaintiff, as well as each member of the proposed Class, was sent fax advertisements from Defendants with opt-out notices that failed to comply with the minimum requirements for opt-out notices.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6. This court has personal jurisdiction over Defendants because Defendants transact business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Connecticut.

7. Plaintiff, MEDICAL & CHIROPRACTIC CLINIC, INC., is a Florida corporation with its principal place of business in Hillsborough County, Florida

8. On information and belief, Defendants, WELLCARE HEALTH PLANS, INC. and WCG HEALTH MANAGEMENT, INC., are Delaware corporations with their principal places of business in Tampa, Florida.

9. On information and belief, Defendant, WELLCARE HEALTH INSURANCE OF ARIZONA, INC., is an Arizona corporation with its principal place of business in Tampa, Florida.

10. John Does 1-10 will be identified through discovery, but are not presently known.

## RELEVANT FACTS

11. On or about March 28, 2013, Defendants sent an advertising facsimile to Plaintiff. A true and correct copy of the facsimile is attached as Exhibit A.

12. Defendants approved, authorized and participated in the scheme to broadcast faxes by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

13. Defendants created or made Exhibit A, which Defendants distributed to Plaintiff and the other members of the Class.

14. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

15. Exhibit A constitutes material furnished in connection with Defendants' work or operations.

16. Exhibit A hereto is material advertising the commercial availability of any property, goods, or services.

17. The transmissions of Exhibit A to Plaintiff did not contain a notice compliant with 47 C.F.R. 64.1200, that informs the recipient of the ability and means to avoid future fax advertisements.

18. The transmissions of Exhibit A to Plaintiff did not contain a notice complaint with 47 C.F.R. 64.1200 that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200(a)(3)(v) of this section is unlawful.

19. The transmissions of Exhibit A to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C); 47 U.S.C. §§227(b)(2)(D)(ii); (iii); and (vi) and/or 47 C.F.R. 64.1200(a)(3).

20. The transmissions of Exhibit A to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C); 47 U.S.C. §§227(b)(2)(D)(ii); (iii) and (vi); and/or 47 C.F.R. 64.1200(a)(3).

21. On information and belief, Defendants sent multiple advertising facsimiles to Plaintiff and members of the proposed Class, all without an opt-out notice compliant with 47 C.F.R. 64.1200, throughout the time period covered by the class definition.

22. On information and belief, Defendants faxed the same and similar facsimiles, all without an opt-out notice compliant with 47 C.F.R. 64.1200, to the members of the proposed Class.

23. There is no reasonable means for Plaintiff (or any other Class member) to avoid receiving unlawful faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

24. Defendants knew or should have known that: (a) Exhibit A was an advertisement; and (b) Defendants' faxes did not display an opt-out notice compliant with 47 C.F.R. 64.1200.

25. The transmission of Exhibit A to Plaintiff caused destruction of Plaintiff's, and each member of the proposed Class', property.

26. The transmission of Exhibit A to Plaintiff interfered with Plaintiff's, and each member of the proposed Class', exclusive use of Plaintiff's property.

27. The transmission of Exhibit A to Plaintiff interfered with Plaintiff's, and each

member of the proposed Class', business and/or personal communications.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

28. Plaintiff brings this class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following Class of persons[1]:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) which did not display an opt-out notice compliant with 47 C.F.R. 64.1200.

29. A class action is warranted because:

   a. On information and belief, the Class includes more than forty persons and is so numerous that joinder of all members is impracticable.

   b. There are questions of fact or law common to the Class predominating over questions affecting only individual Class members, including without limitation:

      i. Whether Defendants engaged in a pattern of sending fax advertisements;

      ii. Whether Exhibit A contains material advertising the commercial availability of any property, goods or services;

      iii. Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

---

[1] Plaintiff reserves the right to amend this class definition, and excludes from the Class Defendants, their employees and members of the judiciary.

   iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other faxed advertisements;

   v. Whether Defendants violated the provisions of 47 USC § 227;

   vi. Whether Plaintiff and the other Class members are entitled to statutory damages;

   vii. Whether Defendants should be enjoined from faxing advertisements in the future;

   viii. Whether the Court should award trebled damages;

   ix. Whether Exhibit A displayed the proper opt out notice required by 47 C.F.R. 64.1200; and

   x. Whether Exhibit A failed to include an opt-out notice compliant with 47 C.F.R. 64.1200.

30. Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel are experienced in handling class actions and claims involving advertising faxes. Plaintiff's interests are the same as those of everyone else in the Class as Plaintiff was sent faxes with opt-out notice not in compliance with 47 C.F.R. 64.1200. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent Class members.

31. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

32. The TCPA provides:

> <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)   Both such actions.

33. The Court, in its discretion, may treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

34. The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other Class members even if their actions were only negligent.

35. Defendants' actions caused damages to Plaintiff and the other Class members.  Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine.  Defendants' fax cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' unlawful fax.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendants' fax unlawfully interrupted Plaintiff's and the other Class members' privacy interests in being left alone.

36. If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

37. Defendants knew or should have known that: (A) Exhibit A was an

advertisement, and (B) Exhibit A did not display an opt-out notice compliant with 47 C.F.R. 64.1200.

38. Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the Class by not displaying an opt-out notice compliant with 47 C.F.R. 64.1200.

39. Defendants' actions caused damages to Plaintiff and the other Class members, because their receipt of Defendants' fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's (and the Class') fax machine from being used for Plaintiff's (and the Class') business purposes during the time Defendants were using Plaintiff's (and the Class') fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff (and the Class) employee time, as Plaintiff's (and the Class') employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's (and the Class') business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the Class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each Class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, MEDICAL & CHIROPRACTIC CLINIC, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, WELLCARE HEALTH PLANS, INC., WELLCARE HEALTH INSURANCE OF ARIZONA, INC., WCG HEALTH MANAGEMENT, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper.

E. That the Court award pre-judgment and post-judgment interest at the statutory rate.

    Respectfully submitted,

    MEDICAL & CHIROPRACTIC CLINIC, INC., individually and as the representative of a class of similarly-situated persons

By: /s/Ryan M. Kelly
    Ryan M. Kelly  FL Bar #90110

    ANDERSON + WANCA
    Ryan M. Kelly
    Brian J. Wanca
    3701 Algonquin Road, Suite 760
    Rolling Meadows, IL  60008
    Telephone:  847-368-1500
    Fax:  847-368-1501
    bwanca@andersonwanca.com
    rkelly@andersonwanca.com